# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv250

| | |
|---|---|
| LORI M. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 13] and the Defendant's Motion for Summary Judgment [Doc. 15].

## I. PROCEDURAL HISTORY

Plaintiff Lori M. Wright filed applications for disability insurance benefits and supplemental security income on October 4, 2007, with a protective filing date of September 11, 2007, alleging that she became disabled on March 15, 2006. [Transcript ("T.") 156-63]. Plaintiff's applications were denied initially and on reconsideration. [T. 101, 102, 103-06, 112-15]. A hearing was held before Administrative Law Judge ("ALJ") Helen Evans on October 6, 2009. [T. 23-54]. On December 7, 2009, the ALJ issued a decision denying the

Plaintiff benefits. [T. 6-22]. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-4]. The Plaintiff has exhausted her available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

2

support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.   THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets

or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

The ALJ issued a decision denying Plaintiff benefits on December 7, 2009. Proceeding to the sequential evaluation, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009, and that she had not engaged in any substantial gainful activity since March 15, 2006, the alleged onset date. [T. 11]. The ALJ went on to find that Plaintiff has the following severe impairments: osteoarthritis with degenerative joint disease; bulging disc; history of fibromyalgia; history of asthma; bipolar disorder; generalized anxiety disorder; and major

4

depression, but that none of Plaintiff's impairments, either singly or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [T. 11-13].

With respect to residual functional capacity (RFC), the ALJ found that Plaintiff retained the RFC to perform a limited range of light work, namely: to lift, carry, push or pull twenty pounds occasionally and ten pounds frequently; to stand or walk for six hours in an eight-hour work day; and to sit for six hours in an eight-hour work day. [T. 13]. The ALJ further found that Plaintiff required the ability to alternate sitting and standing in one and one-half hour increments; that she could occasionally climb stairs but could not climb ropes, ladders, or scaffolds; that she could only occasionally balance, due to instability in her lower extremity; and that she should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation due to her history of asthma. [T. 13-14]. Additionally, the ALJ found that Plaintiff was unable to work on jobs requiring complex decision making, constant change or dealing with crisis situations. [T. 14]. Thus, she further limited Plaintiff to work in a stable environment, with only occasional change in work setting or assignment; to simple, routine, repetitive tasks, not performed in a production or quota-based environment, and involving only simple, work-related

decisions; and to work that did not require working closely with the general public or in close coordination with others. [Id.]. The ALJ noted, however, that Plaintiff could work in the presence of other co-workers and could relate appropriately to supervisors. [Id.].

With respect to Plaintiff's mental limitations, the ALJ specifically found as follows:

> [Plaintiff] was diagnosed with bipolar type II and panic disorder, generalized anxiety disorder, and major depression; however, at the consultative examination on December 16, 2007, Vincent Hillman, M.D., noted that [Plaintiff] did not seem to be mentally unstable. Since December 2007, the progress notes from [Plaintiff's] physicians have included [Plaintiff's] normal mini mental examinations, with appropriate affect and demeanor, normal speech, and normal memory. The reports of symptoms have also been negative for anxiety, depression, and sleep disturbance. The progress notes from October 2008, indicate [Plaintiff] was doing "OK" with Seroquel, Clonazapam, and Lithium. The evidence does not show that [Plaintiff] has received any mental health treatment after October 2008, which suggests that [Plaintiff's] mental health condition is controlled with medication. Furthermore, [Plaintiff] pays bills, counts change, handles a savings account, as well as a checkbook/money orders. [Plaintiff] even reported that she is handling her deceased mother's estate, which indicates a greater mental capacity than alleged.

[T. 16]. Based on the record, the ALJ concluded that there was "no medical reason to prevent [Plaintiff] from performing the exertional and non-exertional requirements outlined in the residual functional capacity above." [Id.].

Having assessed Plaintiff's residual functional capacity, the ALJ next considered her age, education, and work experience. The ALJ found that Plaintiff was a younger individual on the alleged disability onset date, and that she has at least a high school education and is able to communicate in English. [T. 17]. The ALJ further found that Plaintiff was unable to perform any of her past relevant work as a discount variety store clerk, a food expediter, key holder, and fast food cashier. [Id.]. The ALJ concluded that transferability of job skills was not material to the determination of disability because application of the Medical-Vocational Rules as a framework supported a finding that Plaintiff was not disabled regardless of whether she had transferable job skills. [Id.]. The ALJ further found that there were jobs in significant numbers in the national economy that Plaintiff could perform. [T. 17-18]. Citing the testimony of the vocational expert (VE) who testified at the administrative hearing, the ALJ found that an individual with Plaintiff's age, education, work experience, and residual functional capacity would be able to perform such jobs as folding machine operator, sealing and cancelling

7

machine operator, and mail clerk. [T. 18]. Accordingly, the ALJ concluded that Plaintiff had not been under a disability as defined in the Social Security Act from the alleged date of onset through the date of her decision. [Id.].

Plaintiff now appeals the ALJ's decision, arguing that the ALJ erred in her evaluation of Plaintiff's residual functional capacity and that the ALJ failed to develop a full and fair record by failing to order a psychological evaluation of Plaintiff. For the reasons that follow, the Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this opinion.

## V. DISCUSSION

The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." SSR 96-8p. As the Fourth Circuit has held, "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986).

Here, the ALJ found that Plaintiff had several severe mental impairments: bipolar disorder, generalized anxiety disorder, and major depression. Plaintiff, however, was never evaluated by a psychiatrist or

8

psychologist, and thus the ALJ did not have the benefit of an examining source opinion regarding Plaintiff's severe mental limitations. Instead, in assessing Plaintiff's mental RFC the ALJ relied primarily upon the records of Plaintiff's physicians, who noted normal mental status findings. These so-called "mini examinations," however, were not performed by mental health professionals, nor are they supported by any sort of diagnostic testing. Rather, they are merely generalized observations of Plaintiff's speech, memory, and demeanor during examinations for her various physical ailments. These findings are not substantial evidence to support the ALJ's findings regarding Plaintiff's residual functional capacity to perform mental work-related functions.

Similarly, Dr. Hillman's observation that Plaintiff "did not seem to be mentally unstable" offers little insight into the limiting effect of her severe mental impairments. Dr. Hillman performed a *physical* consultative examination on Plaintiff; he performed no psychological testing and offered no formal diagnosis of any mental impairments. Indeed, in noting Plaintiff's history of psychological issues, Dr. Hillman recommended in his report that Plaintiff receive "a full psychiatric evaluation through the Adult Department of Social Services." [T. 332].

The Defendant points to the opinions of the two non-examining consultants, Mitchel Rapp, Ph.D. and Banu Krishnamurthy, M.D., as substantial evidence to support the ALJ's mental RFC findings. [Doc. 15-1 at 14-15]. These consultants, however, did not examine Plaintiff and instead relied upon the records cited above, particularly Dr. Hillman's report, in assessing Plaintiff's mental RFC. [See T. 311-28; 451-68]. Because these records fail to provide substantial evidence regarding Plaintiff's ability to perform work-related mental functions, their findings suffer from the same flaws as the findings by the ALJ noted above.

Finally, the Court notes that in assessing Plaintiff's mental RFC, the ALJ found it significant that Plaintiff had not received mental health treatment since October 2008, noting that this fact "suggest[ed] that [Plaintiff's] mental health condition is controlled with medication." [T. 16]. This finding, however, is unwarranted. An ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p. In the present case, Plaintiff testified that she stopped going to

counseling at least in part because she lost her insurance and was unable to pay for it. [T. 46]. There is no indication that the ALJ considered this proffered explanation before drawing a negative inference from Plaintiff's failure to seek further mental health treatment.

In summary, the Court concludes that the ALJ failed in her duty to develop the record by failing to order a consultative psychiatric or psychological evaluation. Without such an evaluation, there is insufficient evidence in the record to make a fair assessment of Plaintiff's mental impairments and their effect on her residual functional capacity. Accordingly, a remand of this case is warranted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **GRANTED** to the extent that the Plaintiff seeks reversal of the Commissioner's decision denying her disability benefits. To any extent that the Plaintiff seeks an immediate award of benefits, the Plaintiff's Motion [Doc. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 15] is **DENIED**.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and this case is hereby **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: December 13, 2011

Martin Reidinger
United States District Judge