# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10-cv-00250-MR

| | |
|---|---|
| LORI M. WRIGHT, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>        Defendant. )<br>_____ ) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 24].

## I.  PROCEDURAL BACKGROUND

On October 25, 2010, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny her application for benefits under the Social Security Act. [Doc. 1]. On December 13, 2011, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Doc. 18]. On April 3, 2012, the Court awarded the Plaintiff attorney's fees in the amount of $5,433.60 in full satisfaction of any

and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 23].

On remand, the Plaintiff received an award of $56,375.90 in past due benefits. [Doc. 25-1]. The Notice of Award contained a notification that the Social Security Administration was withholding 25 percent of that award, or the sum of $14,093.98, to be applied to any award of attorney's fees. [Doc. 25–3]. The Plaintiff and her attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25 percent of the past due benefits. [Doc. 25-2].

Counsel notes that the attorney who represented the Plaintiff before the agency has been awarded fees in the amount of $6,000.00 for services rendered at the agency level.[1] [Doc. 25 at 2]. As previously noted, the Court awarded the Plaintiff $5,433.60 in attorney's fees under the EAJA. The Plaintiff now seeks an award of $8,891.98 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 24]. The Defendant takes no position on the Plaintiff's Motion.

---

[1] Federal courts do not have jurisdiction to make fee awards for professional representation at the administrative level because the Commission alone has that authority. Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005).

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), which provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under

Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

Here, the Plaintiff and her counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay 25% of any past due benefits awarded to her counsel. [Doc. 27-1]. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, ... § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (internal quotation and citation omitted).

Plaintiff's counsel seeks an award of $8,891.98 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 24]. The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and her counsel is

reasonable. Accordingly, the Motion for Attorney's Fees under the Social Security Act is granted.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 24] is hereby **GRANTED** and an award of attorney's fees in the amount of Eight Thousand Eight Hundred and Ninety-One Dollars and Ninety-Eight Cents ($8,891.98) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that the Plaintiff's counsel is hereby instructed to return to the Plaintiff the sum of $5,433.60, representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose pursuant to Title II of the Social Security Act.

**IT IS SO ORDERED.**

Signed: January 10, 2014

Martin Reidinger
United States District Judge

5